**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANI JAHAXIEL MENDEZ-ROSALES, | No. 10-72330 |
| Petitioner, | Agency No. A099-581-149 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:      CANBY, TROTT, and THOMAS, Circuit Judges.

Bani Jahaxiel Mendez-Rosales, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo due process claims. *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that Mendez-Rosales filed his asylum application within a reasonable period of time after any extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a)(5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Accordingly, we deny the petition as to his asylum claim.

Mendez-Rosales testified gang members in Guatemala confronted and robbed him multiple times, and because he has lived in the United States, they would think he has money and would try to harm him if he returned. Substantial evidence supports the agency's determination that Mendez-Rosales failed to establish past persecution or a likelihood of future persecution on account of a protected ground. *See Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Accordingly, Mendez-Rosales's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Mendez-Rosales's CAT claim because he failed to establish it is more likely than not he would be

tortured if returned to Guatemala.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Mendez-Rosales's contention that dismissal of his appeal by a single member of the BIA violated due process.  *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**